**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JINJIANGSHISILULIANGPINJINCHUKO UMAOYI CO., LTD., | |
| Plaintiff, | Case No. 1:2023-cv-04687 |
| v. | Judge: Martha M. Pacold |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, | Magistrate Judge: Sheila M. Finnegan |
| Defendants. | |

## MEMORANDUM IN SUPPORT PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff, JINJIANGSHISILULIANGPINJINCHUKOUMAOYI CO., LTD., ("Plaintiff"), by and through its counsel, submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction.

## I.      INTRODUCTION

Plaintiff respectfully moves for a Preliminary Injunction against the Defendants named in Plaintiff's Complaint for patent infringement pursuant to the provisions of the Patent Act, U.S.C. § 283, 35 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. As alleged in the Plaintiff's Complaint, Defendants are offering for sale and/or selling unauthorized and unlicensed infringing products ("Infringing Products") using the federally registered patent number U.S. D966,472 (hereinafter the "'472 Patent"), entitled "FAUCET," through the fully

1

interactive, commercial Internet stores on Amazon.com, eBay.com, and Walmart. The '472 Patent is attached as **Exhibit A**.

## II.     STATEMENT OF FACTS

Plaintiff distributes and sells faucets, faucet extenders, and related products in the United States via different online storefronts. *See* Declaration of Tingting Zhang (hereinafter "Zhang Declaration"), attached as **Exhibit B**.  Plaintiff is the exclusive licensee of the '472 Patent with the right to sue explicitly granted by the owner of the '472 patent. *See* **Exhibit C**. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the '472 patent. Over time, Plaintiff has invested heavily in the faucet extender products. Zhang Declaration at ¶ 3. The widespread fame, outstanding reputation, and significant goodwill associated with '472 Patent faucet extender products has made the '472 Patent an invaluable asset of Plaintiff.

On August 3, 2023, this Court entered a Temporary Restraining Order ("TRO") against Defendants. *See* Dkt. No. 10. The TRO included a temporary injunction, a temporary asset restraint, and expedited discovery. *See* Dkt. No. 10. Further, this Court found that the evidence submitted for the TRO shows a substantial likelihood of success on the merits (including evidence of active infringement and sales into Illinois), the harm to plaintiff is irreparable, and an injunction is in the public interest. *See* Dkt. No. 10. On August 11, 2023, this Court extended the TRO for good cause. *See* Dkt. No. 13.

## III.    ARGUMENT

"The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 28. U.S.C. § 283. A temporary restraining order or

preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

In this case, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction because this Court has already found the requirements for a preliminary injunction to be satisfied and the equitable relief sought remains appropriate.

## A.     This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc*., No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted).

Here, as mentioned above, this Court, in issuing a TRO and TRO extension, stated "the evidence submitted by plaintiff shows a substantial likelihood of success on the merits (including evidence of active infringement and sales into Illinois), the harm to plaintiff is irreparable, and an injunction is in the public interest." Dkt. No. 10.

In sum, by virtue of this Court's entry of the TRO, it has already found that the above requirements for a preliminary injunction have been satisfied. Thus, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction.

### B.    The Equitable Relief Sought Remains Appropriate

In relief, Plaintiff seeks a preliminary injunction enjoining Defendants from making, using, selling, or offering for sale the Infringing Products. Furthermore, Plaintiff seeks an asset freeze to ensure the availability of permanent monetary relief given the likelihood that Defendants will simply transfer their ill-gotten assets in an attempt to evade any judgment against them entered by this Court. Such relief is explicitly authorized under 28 U.S.C. § 283 and was previously granted in the TRO. *See* Dkt. No. 10.

First, the sale restraint is appropriate. To prevent the Defendants from further making, using, offering for sale, and selling the Infringing Products, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case. A preliminary injunction is necessary to enjoin Defendants from continuing to violate Plaintiff's patent rights and causing irreparable harm during the pendency of this action.

Second, the continued asset restraint is appropriate. Plaintiff also requests a continued asset freeze so that Defendants' accounts in U.S.-based financial institutions remain frozen throughout the pendency of this litigation. In the absence of a preliminary injunction, Defendants are likely to move any assets to financial institutions in China or other foreign states, rendering any award against them uncollectable. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

Given that Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgment is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, *citing O2 Micro Int'l Ltd. v. Beyond*

*Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'"). In addition, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze Defendants' assets should be granted.

In sum, this Court has previously granted a sale and asset restraint. No circumstances or facts have changed that would render a sale or asset restraint unnecessary. Thus, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction, extending the sale and asset restraint.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a Preliminary Injunction enjoining Defendants from further infringement and extending the asset restraint granted in the TRO.

DATED: August 23, 2023                  Respectfully submitted,

                                        /s/ Ge (Linda) Lei
                                        Ge (Linda) Lei
                                        203 N. LaSalle St., Suite 2100
                                        Chicago, IL 60601
                                        Attorney No. 6313341
                                        Linda.lei@getechlaw.com
                                        312-888-6633

/s/ Jun Ye           
Jun Ye (Pro Hac Vice)
Jun.ye@getechlaw.com
New York Bar No.: 5098116

*ATTORNEY FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to counsel of record.

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

/s/ Jun Ye
Jun Ye (Pro Hac Vice)
Jun.ye@getechlaw.com
New York Bar No.: 5098116

*ATTORNEY FOR PLAINTIFF*