UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

JINJIANGSHISILULIANGPINJINCHUKOUMAOYI
CO., LTD., et al.

                                    Plaintiff,

v.                                            Case No.: 1:23−cv−04687

                                           Honorable Martha M. Pacold

The Entities and Individuals Identified in Annex A, et al.

                                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 3, 2023:

      MINUTE entry before the Honorable Martha M. Pacold: The court has reviewed plaintiff's memorandum regarding severance. [68]. Plaintiff proposes that the court sever this case into three actions proceeding against different groups of defendants: (1) a group of 38 defendants represented by Analects Legal LLC who have not settled, (2) defendant Ikkemo Tek, Inc., who filed an entry on this docket attempting to appear pro se and disputing that he has infringed the patent and that he was properly served, see [56], and (3) a group of 147 defendants with stores on Amazon, Walmart, and eBay who plaintiff states have not appeared or settled with plaintiff (or in the alternative to a single third action, plaintiff proposes the court sever these remaining defendants into three groups organized by the platform defendants sell products on). As to the first proposed grouping, the group of 38 defendants represented by Analects Legal LLC have consented to waiving the joinder requirements of 35 U.S.C. § 299, as permitted by § 299(c). [77]. As to the balance of plaintiff's proposal, plaintiff requests the court sever this case in a manner which would simply create the same § 299 joinder issues in either one or three new cases. Plaintiff's proposed third category of defendants (and alternative proposal of grouping defendants based upon the online platform defendants' stores are on) does not comport with § 299's joinder limitations. With respect to these defendants, plaintiff has done nothing to remedy the flaw under § 299 that the court identified in its 9/13/2023 order. See [57]. The platform on which defendants sell products has no bearing on whether defendants' alleged infringement arises from the "same accused product" as required to satisfy § 299(a). Plaintiff's vague representations that hundreds of sellers are offering identical "or substantially similar" products and that "[m]any" use the same product image do not suffice. See [68] at 1. Remedies for misjoinder are severance or dismissal without prejudice, and the court seeks to avoid "gratuitous harm" in remedying misjoinder. Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000). Plaintiff's memorandum references that its proposed grouping of defendants for severance is "economically efficient for Plaintiff and this Court." [68] at 9. Indeed, if each defendant were severed into an individual case, plaintiff would incur thousands of dollars in filing fees before those cases could proceed. See NFL Props. LLC v. P'ships & Unincorporated Ass'ns Identified on

Schedule "A", No. 21−cv−5522, 2021 WL 4963600, at *3 (N.D. Ill. Oct. 26, 2021). The court will dismiss the claims against each of the excess defendants in this suit without prejudice, instead of severing them into individual cases. All defendants except for the 38 defendants represented by Analects Legal LLC are dismissed without prejudice to refiling. If plaintiff refiles an action against any of the defendants dismissed in this order, plaintiff is directed to file this court's 9/13/2023 order, [57], and this order on the docket in those cases. Additionally, the court notes that plaintiff's motion to amend, [67], represents that "by filing this motion" with respect to certain defendants who have settled with plaintiff, "Plaintiff will be able to notify third party platforms immediately to release any restraints against the following defendants." Id. at 1. As the court recently clarified in a 9/19/2023 order, there is no legal restraint against any defendant in place in this case. [66]. The temporary restraining order this court previously entered (and extended) expired on 8/31/2023. Plaintiff is directed to serve this order and the court's 9/19/2023 order, [66], on the third−party platforms upon which defendant previously served the temporary restraining order. Plaintiff's motion for leave to amend the complaint, [67], is denied as moot. Plaintiff and the remaining 38 defendants should file by 10/16/2023 a joint status report explaining how they seek to proceed in this matter. (rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.